UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BOJORQUEZ,<br><br>    Petitioner,<br><br>    v.<br><br>UNKNOWN,<br><br>    Respondent. | NO. CV 14-1553-DDP (AGR)<br><br>ORDER TO SHOW CAUSE |

       On March 3, 2014, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, it appears the one-year statute of limitations has expired.

       The court, therefore, orders Petitioner to show cause, on or before ***April 10, 2014***, why the court should not recommend dismissal of the petition with prejudice based on expiration of the one-year statute of limitations.

## I.

## **PROCEDURAL BACKGROUND**

On April 9, 2010, a Los Angeles County jury convicted Petitioner of two counts of home invasion robbery, three counts of first degree residential robbery, one count of attempted first degree residential robbery, and two counts of first degree residential burglary. (Petition at 2[1]); *People v Bojorquez*, 2011 WL 3338689, *1 (2011). The court sentenced Petitioner to 13 years in prison. (*Id.*) On August 4, 2011, the California Court of Appeal affirmed the judgment with modifications that are irrelevant to the convictions. *Bojorquez*, 2011 WL 3338689 at *8. On November 2, 2011, the California Supreme Court denied review. California's online Appellate Courts Case Information in Case No. S196124.

Petitioner did not file any state habeas petitions. (Petition at 6.)

On March 3, 2014, Petitioner filed the instant petition in this court in which he raises three grounds.

## II.

## **STATUTE OF LIMITATIONS**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA contains a one-year statute of limitations for a petition for writ of habeas corpus filed in federal court by a person in custody pursuant to a judgment of a state court. 28 U.S.C. § 2244(d)(1). The one-year period starts running on the latest of either the date when a conviction becomes final under 28 U.S.C. § 2244(d)(1)(A) or on a date set in § 2244(d)(1)(B)-(D). The only subdivision relevant here is (d)(1)(A).

---

[1] Petitioner, who is currently incarcerated in a Mississippi state correctional institution, used a California habeas form.

The California Supreme Court denied review on direct appeal on November 2, 2011.  Petitioner's conviction became final 90 days later on January 31, 2012.  *See Bowen v. Roe,* 188 F.3d 1157, 1159 (9th Cir. 1999).  Absent tolling, the statute of limitations expired on January 31, 2013.  The petition was filed over a year late.

### A.   Statutory Tolling

The statute of limitations is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).

Petitioner is not entitled to statutory tolling as he did not file any collateral attacks on the judgment.  (Petition at 6.)

Absent equitable tolling, the petition is time-barred.

### B.   Equitable Tolling

"[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling."  *Holland v. Florida,* 130 S. Ct. 2549, 2554, 177 L. Ed. 2d 130 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005)).  "The diligence required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence."  *Id.* at 2565 (citations and quotation marks omitted).  The extraordinary circumstances must have been the cause of an untimely filing.  *Pace*, 544 U.S. at 418.  "[E]quitable tolling is available for this reason only when '"extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time"' and '"the extraordinary circumstances" circumstances" were the *cause* of [the prisoner's] untimeliness.'"  *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (citations omitted, emphases in original).

3

Petitioner does not indicate he is entitled to equitable tolling.  The petition remains time-barred.

### III.

### ORDER TO SHOW CAUSE

IT IS THEREFORE ORDERED that, on or before *April 10, 2014*, Petitioner shall show cause, if there be any, why the court should not recommend dismissal with prejudice of the petition based on expiration of the one-year statute of limitations.

**Petitioner is also advised that if he fails to timely respond to this order to show cause, the court will recommend that the petition be dismissed with prejudice based on expiration of the one-year statute of limitations.**

DATED:  March 10, 2014

                                    ALICIA G. ROSENBERG
                                  United States Magistrate Judge